NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

ROBERT GOODWIN,

        Petitioner,

   v.

THE ATTORNEY GENERAL OF
THE STATE OF NEW JERSEY, and
WARDEN CHARLES GREEN,

        Respondents.

Civ. No. 17-1408 (JMV)

OPINION

---

**VAZQUEZ**, United States District Judge

    Petitioner Robert Goodwin, a prisoner incarcerated in Northern State Prison in Newark, New Jersey, seeks to reopen this action under 28 U.S.C. § 2254 by submitting an application to proceed without prepayment of fees ("*in forma pauperis*" or "IFP") under 28 U.S.C. § 1915. (ECF No. 3-1.) Leave to proceed in this Court without prepayment of fees is authorized. *See* 28 U.S.C. § 1915.

    Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, a District Court Judge must promptly examine a petition for writ of habeas corpus under 28 U.S.C. § 2254, and "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the Clerk to notify the petitioner." For the reasons discussed below, the Court will dismiss the petition without prejudice for failure to exhaust state court remedies.

I.    THE PETITION

Petitioner was convicted of second degree insurance fraud in the Essex County Superior Court on November 14, 2012. (ECF No. 1, ¶2.) The Appellate Division reversed the conviction on April 23, 2014. (Id., ¶9); State v. Goodwin, 2014 WL 1613446 (N.J. Super. Ct. App. Div. Apr. 23, 2014). The State petitioned for certification, and the New Jersey Supreme Court granted certification, reversed the Appellate Division, and reinstated the conviction on January 19, 2016. State v. Goodwin, 224 N.J. 102, 105 (N.J. 2016). Petitioner filed a petition for post-conviction relief ("PCR") in the Essex County Superior Court Criminal Division, and the PCR Court's decision is pending. (Id. at 6.)

II. EXHAUSTION

28 U.S.C. § 2254(b)(1)(A) provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; . . .

See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999) ("the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition.") "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. at 845. Therefore, Petitioner must await the decision of the PCR Court on his petition, and if he is not granted relief, he must appeal to the Appellate Division, and then file a petition for certification to the New Jersey Supreme Court if necessary. Then, if he is not afforded relief, he may promptly file his petition for writ of habeas corpus under 28 U.S.C. § 2254.[1]

---

[1] Petitioner should be aware there is a one-year statute of limitations for petitions under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d). In most cases, the one-year period begins to run on "the date

2

III.   CONCLUSION

   For the reasons discussed above, the petition for writ of habeas corpus under 28 U.S.C. § 2254 will be dismissed without prejudice for failure to exhaust state court remedies.

An appropriate Order follows.

Date: 5/4/17
s/ John Michael Vazquez
JOHN MICHAEL VAZQUEZ
United States District Judge

---

on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). A properly-filed application for post-conviction relief or other collateral review with respect to the particular judgment or claim will toll the running of the statute of limitations, but it does not reset the one-year period if it began to run before the PCR petition was filed. 28 U.S.C. § 2244(d)(2).